UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | Criminal No. 17-cr-20559 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | VIO: 18 U.S.C § 1425 (Illegally Procuring Citizenship) |
| D-1 Ali Mohamad Alomari, | 18 U.S.C. § 1542 (False Statements in Passport Application) |
| a/k/a Ali Kassem Nasser | |
| Defendant. | |

FILED
CLERK'S OFFICE
OCT - 4 2018
U.S DISTRICT COURT
EASTERN MICHIGAN

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

#### Background

1. In or about January 1996, Ali Mohamad Alomari, defendant herein, falsely claiming to be "Ali Kassem Nasser", a citizen of Yemen, filed an Application for Immigrant Visa and Alien Registration (Department of State Form 230) with the United States government for a visa to immigrate to the United States. Defendant falsely claimed that he was the child of a United States citizen and his purpose in coming to the United States was to join his father, Kassim Moosa Nasser.

2. On August 7, 1997, defendant, under the false name of Nasser was admitted to the United States as an unmarried son of a United States citizen, visa category F-11.

3. On or about July 8, 2003, defendant, under the false name of Nasser, completed and signed a naturalization application to become a United States citizen (Form N-400). Above his signature, the following certification appeared:

> I certify, under penalty of perjury under the laws of the United States of America, that this application, and the evidence submitted with it, are all true and correct.

4. On or about July 22, 2004, defendant falsely claiming to be Nasser filed his naturalization application (Form N-400) with United States Citizenship and Immigration Services, the U.S. government agency which makes naturalization determinations.

5. Under United States law, there are a number of requirements that a person seeking to become a naturalized United States citizen must establish to be eligible. One of those requirements is that an applicant must demonstrate that he or she has been lawfully admitted as a permanent resident of the United States. Thus, an applicant who acquired permanent resident status through fraud or misrepresentation, or who was otherwise not lawfully entitled to such status when it

was accorded, never has been "lawfully admitted for permanent residence," and is prohibited by law from becoming a United States citizen.

6. In order to provide United States Citizenship and Immigration Services with information needed to make a determination of, among other things, whether the individual was lawfully admitted as a permanent resident alien, the application for naturalization, Form N-400, contains a section requiring the applicant to provide biographical information.

7. In Part 1A of the N-400, the following question was posed:

> Your current legal name?
>
> Defendant falsely answered "Ali K.M Nasser".

8. In Part 1C of the N-400, the following question was posed:

> If you have you used any other names, provide them below?
>
> Defendant falsely answered "none"

9. Under United States law, in order to be eligible for naturalization, an otherwise qualified applicant must establish that he or she "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States."

10. By law, various acts must be considered by United States Citizenship and Immigration Services in determining whether a person has good moral character. For example, relevant factors include whether the person has given "false testimony for the purpose of obtaining any benefits" under the Immigration and Naturalization Act.

11. Each question on the naturalization application relating to identity and good moral character is material to the decision of whether or not any applicant, including defendant, would be eligible for United States citizenship, that is, each answer had a natural tendency to influence the decision of United States Citizenship and Immigration Services as to whether or not to grant citizenship.

12. In Part 10D-23 of the N-400, the following question about good moral character was posed:

> Have you **EVER** given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?
>
> Defendant falsely checked the box marked "No."

13. In Part 10D, question 24 of the N-400, the following question about good moral character was posed:

> Have you **EVER** lied to any U.S. immigration official to gain entry or admission into the United States?

Defendant falsely checked the box marked "No."

14. On or about April 5, 2004, an immigration officer interviewed defendant in Detroit, Michigan, regarding his naturalization application. During that interview, the immigration officer reviewed with defendant the answers he had provided on his naturalization application (Form N-400). Defendant made seven corrections to his application. None of those corrections involved the questions referenced in paragraphs 7 and 12-13. Rather, while under oath, defendant reaffirmed, through false testimony, the lies stated in those paragraphs.

15. On or about April 5, 2004, at the conclusion of his naturalization interview, defendant again signed his naturalization application, falsely stating "I swear (affirm) and certify under penalty of perjury under the laws of the United States of America that I know that the contents of this application for naturalization subscribed by me, including corrections numbered 1 through 7 and the evidence submitted by me numbered pages 1 through 3, are true and correct to the best of my knowledge and belief."

16. On or about December 20, 2007, immigration officials approved defendant naturalization application. On or about January 14, 2008, defendant was sworn in

as a United States citizen in an oath ceremony conducted by the United States District Court, Eastern District of Michigan.

17. On January 16, 2008, defendant, still falsely claiming to be Nasser, applied for a United States Passport (Department of State Form DS-11) in Dearborn, Michigan.

18. On or about January 23, 2008, the United States Department of State issued defendant a United States Passport in the name of his fraudulent identity, Ali Kassem Nasser.

19. On or about February 4, 2014, the defendant's petition to change name was granted by the Wayne County Clerk's Office. The defendant changed his name from his fraudulent identity, Ali Kassem Nasser, to his true and correct name, Ali Mohamad Alomari.

20. On or about March 17, 2014, the defendant filed an Application with United States Citizenship and Immigration Services to replace his Naturalization certificate. The basis of his request was that his name had been changed.

21. On or about January 23, 2015, United States Citizenship and Immigration Services issued the defendant a new Naturalization Certificate in the name Ali Mohamad Al Omari.

22. On or about October 31, 2015, in Detroit, Michigan, the defendant applied for a United States Passport for his minor son, falsely indicating that his son's name was Omar Ali Kassem Nasser, when in fact it was Omar Ali Mohamad Alomari.

23. On or about July 18, 2016, in Detroit, Michigan, the defendant applied for a United States Passport for another minor son, falsely indicating that his son's name was Khaled Ali Kaseem Nasser, when in fact it was Khaled Ali Mohamad Alomari.

24. On or about July 18, 2016, in Detroit, Michigan, the defendant applied for a United States Passport for his minor daughter, falsely indicating that his daughter's name was Halla Ali Kassem Nasser, when in fact it was Halla Ali Mohamad Alomari.

25. On or about July 18, 2016, in Detroit, Michigan, the defendant applied for a United States Passport for another minor daughter, falsely indicating that his daughter's name was Asma Ali Kassem Nasser, when in fact it was Asma Ali Mohamad Alomari.

## COUNT ONE

(18 U.S.C. 1425, Illegally Procuring Citizenship)

D-1   ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

In or about 2003 to 2008 within the Eastern District of Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kassem Nasser", knowingly procured, contrary to law, the naturalization of himself, Ali Mohamad Omar Alomari, also known as "Ali Kassem Nasser", in violation of Title 18, United States Code, Section 1425.

## COUNT TWO

(18 U.S.C. 1542, False Statements in Passport Application)

D-1   ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

On or about January 16, 2008, within the Eastern District of Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kassem Nasser", willfully and knowingly made a false statement in an application for a passport with the intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated his true name was Ali Kassem Musa Nasser, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

## COUNT THREE

(18 U.S.C. 1542, False Statements in Passport Application)

D-1  ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

On or about October 31, 2015, in the Eastern District of Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kassem Nasser, willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for the use of another, namely Omar Ali Mohamad Alomari (his son), the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant fraudulently stated that his son's true name was Omar Ali Kassem Nasser, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

## COUNT FOUR

(18 U.S.C. 1542, False Statements in Passport Application)

D-1  ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

On or about July 18, 2016, in the Eastern District of Michigan, the defendant, ALI MOHAMAD NASSER, also known as "Ali Kassem Nasser", willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for the use of another, namely Khaled Ali

Mohamad Alomari (his son), the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated that his son's true name was Khaled Ali Kaseem Nasser, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

## COUNT FIVE

(18 U.S.C. 1542, False Statements in Passport Application)

D-1   ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

On or about July 18, 2016, in the Eastern District of Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kassem Nasser", willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for the use of another, namely Halla Ali Mohamad Alomari (his daughter), the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated his daughter's true name was Halla Ali Kaseem Nasser, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

## COUNT SIX

(18 U.S.C. 1542, False Statements in Passport Application)

D-1   ALI MOHAMAD ALOMARI, a/k/a ALI KASSEM NASSER

On or about July 18, 2016, within the Eastern District of Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kassem Nasser", willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for the use of another, namely Asma Ali Mohamad Alomari (his daughter), the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated his daughter's true name was Asma Ali Kaseem Nasser, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

THIS IS A TRUE BILL

s/Grand Jury Foreperson
Grand Jury Foreperson

MATTHEW SCHNEIDER
United States Attorney

s/ Kenneth R. Chadwell
Kenneth R. Chadwell
Assistant United States Attorney
Deputy Chief, National Security Unit
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9698
Ken.Chadwell@usdoj.gov

s/Timothy P. McDonald
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov

Dated: October 4, 2018

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>17-CR-20559 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: TPM |

Case Title: USA v. Ali Mohamad Alomari a/k/a Ali Kassem Nasser

FILED USDC - DT
2018 OCT 4 PM 12:32

County where offense occurred: Wayne

Check One:    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
__✓__Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information

Superseding to Case No: 17-CR-20559           Judge: Friedman

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  | Additional Charges are Counts 3, 4, 5 & 6 - False Statement in Passport Application, 18 U.S.C. |  |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

10/4/18
Date

Timothy P. McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-0221
Fax:    (313) 226-4678
E-Mail address: timothy.mcdonald@usdoj.gov
Attorney Bar #: P64562

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.