UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CASE NO. 17-20559

        Plaintiff,   HON. BERNARD A. FRIEDMAN

v.

ALI MOHAMMAD AL OMARI
(aka Ali Kassem Nasser),

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR FIFTH AMENDMENT VIOLATION

Now comes the Defendant ALI MOHAMMAD AL OMARI, by and through his undersigned counsel, and files this motion to dismiss the indictment for failure to state an offense and satisfy the indictment requirement of the Fifth Amendment of the United States Constitution.

Dated: January 22, 2019   Respectfully Submitted,

        */s/ Andrew D. Stacer*
        Attorney for Defendant
        Stacer, PLC
        472 Starkweather St.
        Plymouth, MI 48170
        734-453-7878
        astacer@stacerplc.com

        */s/ Rosana M. Garbacik*
        Attorney for Defendant
        Stacer, PLC

472 Starkweather St.
Plymouth, MI 48170
734-453-7878
rgarbacik@stacerplc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           CASE NO. 17-20559

           Plaintiff,           HON. BERNARD A. FRIEDMAN

v.

ALI MOHAMMAD AL OMARI
(aka Ali Kassem Nasser),

           Defendant.
_____/

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT FOR FIFTH AMENDMENT VIOLATION

In support of his motion thereof, Mr. Al Omari states the following:

Al Omari is charged in Count One of the indictment for knowingly procuring, contrary to law, naturalization and citizenship in the United States in violation of 18 U.S.C. §1425. 18 U.S.C. §1425, states it is a Federal crime for anyone to:

> (a) Whoever knowingly **procures or attempts to procure**, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship; or
>
> (b) Whoever, whether for himself or another person not entitled thereto, **knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization**, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing […] (emphasis added)

Count One of the indictment charges the Defendant with illegally procuring citizenship. The indictment reads: COUNT ONE (18 U.S.C. 1425, Illegally Procuring Citizenship): "In or about 2003 to 2008, in the Eastern District of

Michigan, the defendant, ALI MOHAMAD ALOMARI, also known as "Ali Kasser Nasser", knowingly procured, contrary to law, the naturalization of himself, Ali Mohamad Omar Alomari, also known as "Ali Kassem Nasser" in violation of Title 18, United States Code, Section 1425."

The indictment does not specify which section of 1425 Defendant has violated for (a) or (b), specifically failing to specify which of each and every element of the crime that Al Omari has been charged. Additionally, the indictment fails to demonstrate that the grand jury found probable cause to support all the necessary elements of the offense charged against Mr. Al Omari. In deciding whether to issue an indictment, the grand jury must decide whether there is probable cause for the offense which the Government has brought before it and the indictment must unambiguously states all the elements of the offense. See *United States v. Superior Growers Supply*, Inc., 982 F.2d 173, 177 (6th Cir. 1992). Therefore, a grand jury may only return an indictment when it finds probable cause to support all the necessary elements of the crime. An indictment will usually be sufficient if it states the offense using the words of the statute itself, only if the statute fully and unambiguously states all the elements of the offense. *Id*.

The offense under § 1425 creates a stand-alone crime, punishable by up to 10 years in prison and automatic loss of citizenship, for persons who knowingly "procure or attempt to procure" naturalization "contrary to law." The core of the

crime, therefore, is the link between the underlying violation of law and the procurement of naturalization; meaning 18 U.S.C. §1425 does have a materiality requirement.

18 USC §1425 does not merely establish an extra penalty for the underlying violation of law; rather, it creates a distinct unlawful procurement offense. Therefore, when the predicate violation of law is based upon alleged false statements by the defendant for the purpose of facilitating defendant's own procurement of naturalization., the Government must show that in connection with the process of applying for naturalization, the defendant knowingly submitted or made false statements to an immigration authority and that those false statements were material to the immigration authority's determination of the defendant's eligibility for citizenship. *Maslenjak v. United States*, 137 S.Ct. 1918 (2017). Under this analysis, the Supreme Court has recognized the materiality requirement inherent in the statute. An illegal act by the defendant must play a role in his acquisition of citizenship. Without notice of the material underlying unlawful procurement violations the indictment cannot stand.

There is no indication in this case that the grand jury to which the Government presented its charge against Mr. Al Omari found materiality of false statements as an element for its probable cause determination. There is no indication that the grand jury found materiality to an extent commensurate with the standard set forth in the Supreme Court's Maslenjak decision – that the alleged false statement concealed a

fact disqualifying the defendant for citizenship or prevented an investigation by immigration authorities that predictably would have revealed the disqualifying fact. *Maslenjak v. United States*, 582 U.S. ___ (2017). The indictment does not mention any element of materiality and does not explicitly state material facts and circumstances contrary to the law that are elements of the offense.

The United States Court of Appeals for the Sixth Circuit has already held that the Court will not uphold a criminal conviction if the indictment upon which it is based does not set forth the essential elements of the offense. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173 (6th Cir. 1992). If the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment satisfies the Fifth Amendment. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir.1998).

In Fern, the Eleventh Circuit rejected a challenge to an indictment based upon failure to allege an element of materiality with respect to three counts charging that Fern had made false statements. Two factors were critical to the decision. First, the indictment cited 42 U.S.C. §7413(c)(2) as the basis for the false statement offenses. 155 F.3d at 1326. That subsection of §7413 expressly sets forth materiality as an element of the offense. *Id*. Secondly, the indictment identified particular false statements attributed to Fern. *Id*. The Court found the combination of those two factors to be sufficient to allow for a reasonable inference that grand jury found the false statements identified were material. *Id.*

In this case, the indictment does not contain a reference to a code section which contains an express materiality requirement. Count One only references to 18 USC §1425 without specifying even which section of 18 USC §1425 Mr. Al Omari is alleged to have infringed. Count One has no reference to other predicate violations of law, neither do any other counts of the indictment. The indictment does not show that the grand jury found an element of materiality with respect to false statements which the Government attributes to Mr. Al Omari as the basis for this prosecution.

WHEREFORE, for the reasons set forth, Mr. Ali Omari respectfully requests that this Honorable Court grant this motion and dismiss the indictment against him as violative of the Fifth Amendment of the Constitution as the Bill of Rights protects one from being held for committing a crime unless you have been indicted correctly by the government.

Dated: January 22, 2019         Respectfully Submitted,

*/s/ Andrew D. Stacer*
Attorney for Defendant
Stacer, PLC
472 Starkweather St.
Plymouth, MI 48170
734-453-7878
astacer@stacerplc.com

*/s/ Rosana M. Garbacik*
Attorney for Defendant
Stacer, PLC
472 Starkweather St.
Plymouth, MI 48170

        734-453-7878
        rgarbacik@stacerplc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

Dated: January 22, 2019          Respectfully submitted,

                                       */s/ Andrew D. Stacer*
                                       Attorney for Defendant
                                       Stacer, PLC
                                       472 Starkweather St.
                                       Plymouth, MI 48170
                                       734-453-7878
                                       astacer@stacerplc.com